COURT OF APPEALS OF TENNESSEE

AT KNOXVILLE

FILED

May 28, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

BERNARD S. RUBIN ) BRADLEY COUNTY
) 03A01-9711-CV-00502
   Plaintiff-Appellee )
)
)
   v. ) HON.CARROLL L. ROSS,
) JUDGE
)
JENNIFER RUBIN )
)
   Defendant-Appellant ) AFFIRMED AND REMANDE

SELMA CASH PATY OF CHATTANOOGA FOR APP

B. PRINCE MILLER, JR., OF CLEVELAND FO

O P I N I O N

Goddard, P.J.

Jennifer Rubin appeals a final ju

Court entered on June 5, 1997. The Tr

physical custody of the parties' only

months of age at that time, with the f

to pay child support in the amount of

appeals a further order of the Trial C

rubinb.opn

a custody hearing entered on August 22

custody of the child to the father.

Ms. Rubin raises three issues on

### ISSUE ONE

The Trial Judge erred in placing pr
custody of the child with the fathe
appellee, Bernard Rubin in the fina
entered June 5, 1997.

### ISSUE TWO

The Trial Judge erred in ordering t
defendant/appellant, Jennifer Rubin
support in the final order of divor
1997.

### ISSUE THREE

The Trial Judge erred in awarding s
father, Bernard Rubin, defendant/ap
entered August 22, 1997.

We conclude that our disposition

issues one and two moot.

As to issue three the Trial Court

evidentiary hearing subject to the pro

following findings of fact in his opin

his order pursuant thereto:

COU:RTNow I'm faced with the whole dumped back in my lap trying to fig do on a situation that I thought we with at least opportunity to settle work toward a good relationship, an decent and respectable way.

As I stated earlier, I try to kee the back of my mind when I make an make rulings from the Court because certain things eternally placed in think it's good for a young child t put in their record about either on other, and I guess I may be wrong.

For the record, and we're here on both sides to alter and amend judgm at the trial that this lady had tak with a man in Las Vegas, extensive him credit cards, substantial money flown out there to see him on her o the child here. There was further taken up with a man and I specifica was committing adultery and awarded divorce on those grounds. Now, in work things out, I tried not to put certain things that I guess maybe I avoid us all being here today.

I take note that the order went d was filed June 5th of '97, and I'm say on either side with running aro other, keeping daily logs, putting they had conversations about. And parties divorce and it comes to thi of each other, but I have to take n understand Mr. Rubin filed his moti filed hers. There have been occasi Rubin's testimony, what I see in he Rubin evidently had out-of-town tri the child to stay with her. And I from the proof presented here today one iota of evidence presented show has not done a good job being with the parental care for this child.

Yes, they use a baby-sitter. It' sitter they both used, that they bo

when they were married. But I find
the best interests of this child wi
custody to repose with the father.
actions since the divorce have show
have the best interests of this chi
want this in the order. These are
that I don't like to put in orders,
want these things in the order.

I've shown that she has shown a p
behavior here, arguing about buying
baby powder for rashes, on her diap
who ought to buy that. That's by h
She was asked to pay $100 per month
support and she's quarreling about
find that she has carried on an ong
with a man in the presence of the c
overnight, and I base that on testi
earlier as well as the testimony pr
in the back of my mind I can't over
the relationship she had with this
which by her own testimony she flew
left her child here. And I specifi
has a pattern of behavior that show
interests above that of her child a
interests of this child would be se
custody to the father, Mr. Bernard
full and sole custody of the child.

I will give her visitation every
normal visitation privileges when o
custody. I would ask that her chil
calculated based upon the standard

## ORDER ENTERED BY TRIAL COURT

**FURTHER ORDERED** that the Court finds t
is in the best interest of the mino
in the care, custody and control of
S. Rubin.

The Court specifically finds that
not acted or conducted herself in t
the child. She has a pattern of er
the evidence heard in the original
and corroborated further by the pro
She exhibits to this Court a clear
pattern of conduct which places per
that of the child and specifically

rubinb.opn          4

continued open and notorious relati

partners in the presence of the chi

We conclude, that, upon giving du

judgment of the Trial Court as to the

and in this connection we note much of

Trial Court is not disputed by Ms. Rub

preponderate against the Trial Court's

The Trial Court found that Ms. Ru

"pattern of erratic behavior" and that

"she places her interests above those

evidence does not preponderate against

findings justify the Court's award of

provisions of T.C.A. 36-6-106, particu

and (4) thereof.

For the foregoing reasons the jud

Court is affirmed and the cause remand

proceedings as may be necessary and co

Costs of appeal are adjudged against M

_____

Houston M. Goddard, P.J

CONCUR:

_____
Charles D. Susano, Jr., J.


_____
William H. Inman, Sr.J.